<u>**NOT FOR PUBLICATION**</u>

<u>**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**</u>

_____
:
REYNALDO RAMIREZ,                         :
:
        Plaintiff,                        :
:     Civil Action No. 06-1042 (JAG)
        v.                               :
:               **OPINION**
UNITED PARCEL SERVICE, INC.,              :
:
        Defendant.                       :
_____:

<u>**GREENAWAY, JR., U.S.D.J.**</u>

      This matter comes before this Court on the motion for Reconsideration by defendant United Parcel Service, Inc. ("Defendant" or "United Parcel Service") of this Court's Opinion of December 30th 2008 (Docket Entry No. 39) against Reynaldo Ramirez ("Plaintiff"). For the reasons set forth below, this motion shall be denied.

**I.  <u>BACKGROUND</u>**

      This action arises out of an employment discrimination suit filed by Plaintiff against his former employer, United Parcel Service. In the Complaint, Plaintiff pleaded claims of hostile work environment (Counts I and II); negligence (Count III); loss of consortium (Count IV); failure to grant pay raises (Count V); failure to promote (Count VI); and violations of the New Jersey Law Against Discrimination concerning Plaintiff's disability (Count VII). This Court granted summary judgment in favor of Defendant as to Counts III, V, and VII, and denied Defendant's request for the grant of summary judgment as to Counts I, II, and VI. Count IV was

dismissed, with prejudice, at a time separate and apart from consideration of the summary judgment motion noted above.

Defendant now requests that this Court reconsider one part of its Opinion of December 30, 2008. Specifically, Defendant argues that Counts I and II of Plaintiff's Complaint (hostile work environment claims) are time barred by the two year statute of limitations. Defendant asserts that this Court erred in its Opinion of December 30, 2008 when it accepted Plaintiff's amended interrogatory in which Plaintiff alleged facts that allowed for his hostile work environment claim to fall within the applicable statute of limitations period. Defendant alleges that Plaintiff created a "sham affidavit" in order to create a genuine issue as to a material fact concerning whether Plaintiff had been subjected to a hostile work environment on the basis of Plaintiff's race.

## II.  LEGAL STANDARD

A motion to reconsider, pursuant to Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i), is "an extremely limited procedural vehicle," and requests pursuant to these rules are to be granted "sparingly." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). The Third Circuit has held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

A court may grant a motion to reconsider only if the moving party shows either: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or

2

to prevent manifest injustice. See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt. LLC, 161 F. Supp. 2d at 353; see also Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). "The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." P. Schoenfeld Asset Mgmt., L.L.C., 161 F. Supp. 2d at 352. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's burden.'" Id. (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citations omitted)).

The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69, 748 F. Supp. at 275 (quoting New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

### III. ANALYSIS

As the basis for this motion for Reconsideration, Defendant argues that this Court ignored or misinterpreted operative facts and law in rendering its Opinion of December 30, 2008. See N. River Ins. Co., 52 F.3d at 1218, in which the Third Circuit held that the need to correct a clear error of law or fact is grounds for a motion for reconsideration under Rule 59(e).[1]

---

[1] Defendant does not argue, as the basis of this motion for reconsideration, that there has been a change in the controlling law or that there is new evidence that was not available when this Court issued its Opinion.

Defendant relies on the sham affidavit doctrine to support its contention that this Court should not have accepted Plaintiff's allegedly "sham affidavit", which served as an amendment to Plaintiff's earlier interrogatory and conflicted with Plaintiff's deposition testimony. The allegations contained in Plaintiff's affidavit served as the basis for this Court's determination that a genuine issue of material fact exists as to Counts I and II of the Complaint.

Both parties rely on Jiminez v. All American Rathskeller, Inc., 503 F.3d 247 (3d Cir. 2007) to support their views of this issue. In Jiminez, the Third Circuit articulated its sham affidavit rule:

> We observed in Baer that not all contradictory affidavits are necessarily shams. Instead, we stated that, "[w]hen there is independent evidence in the record to bolster an otherwise questionable affidavit, courts generally have refused to disregard the affidavit." Such corroborating evidence may establish that the affiant was "understandably" mistaken, confused, or not in possession of all the facts during the previous deposition. We have also held that an affiant has the opportunity to offer a "satisfactory explanation" for the conflict between the prior deposition and the affidavit. When a party does not explain the contradiction between a subsequent affidavit and a prior deposition, it is appropriate for the district court to disregard the subsequent affidavit and the alleged factual issue in dispute as a "sham," therefore not creating an impediment to a grant of summary judgment based on the deposition." Id. at 254 (citations omitted).

Defendant argues that Plaintiff submitted the "sham affidavit" in order to create a genuine issue as to a material fact and therefore to defeat Defendant's summary judgment application. Defendant argues that during Plaintiff's deposition testimony, he testified that no discriminatory remarks occurred during 2004 or 2005. Since Plaintiff relies on the continuing violations doctrine in order to support his hostile work environment claim, he must demonstrate that at least one racially discriminatory remark occurred within the two-year statute of limitations period from January 17, 2004 - January 17, 2006. (Defendant's Brief at p. 5.)

In <u>Jiminez</u>, the Third Circuit defines a sham affidavit as "a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment. A sham affidavit cannot raise a genuine issue of fact because it is merely a variance from earlier deposition testimony, and therefore no reasonable jury could rely on it to find for the nonmovant." <u>Id.</u> at 253. The Third Circuit affirmed the District Court, which had held that an affidavit that had been filed by a witness to be a sham. The affidavit at issue in <u>Jiminez</u> was filed subsequent to the filing of the motion for summary judgment, and was included as an exhibit to the plaintiffs' brief in opposition to the motion for summary judgment. <u>Id.</u> at 255, n.4.

In the instant case, Plaintiff's affidavit contains an amended response to Interrogatory Question No. 1. Plaintiff's amended response was served upon Defendant during the summer of 2007, nearly a year prior to the date when Defendant filed its summary judgment motion. (Plaintiff's Brief at p. 3.) Plaintiff's affidavit was served upon Defendant before the close of discovery in this case. (Ramirez Affidavit at ¶ 4.) In both his deposition testimony and in his amended answers to Interrogatory Question No. 1, Plaintiff has extensively detailed racially insensitive remarks, which occurred over a fifteen year period.

In <u>Jiminez</u>, the testimony given during the witness's deposition was completely at odds with the witness's statements in the affidavit. The <u>Jiminez</u> witness, a bar owner, gave clear testimony during his deposition that his bar's policy regarding the restraint of unruly patrons was in no way related to police operations. The witness testified that he "never had any conversation with the police personally about restraint." <u>Id.</u> at 254. The witness subsequently filed an affidavit that contradicted his deposition testimony, in which he stated that police officers asked

his employees to restrain individuals until the police arrived.  Id.  In the subsequent affidavit, the bar owner witness also failed to identify which of his employees had spoken to police.  Id. at 255.  The district court found the affidavit was "entirely unsupported by the record."  Id. at 254.

In the instant case, Defendant has seized upon only two statements contained in Plaintiff's deposition which are at odds with Plaintiff's amended interrogatory responses.  (Defendant's Brief at pp. 3-4.)  Plaintiff responded "No" during his deposition when he was asked whether he recalled "seeing or hearing any type of discrimination that he did not report to Kathy or human resources or anybody else at UPS [in 2004]."  (Id. at p. 3.)  Plaintiff was then asked "Are there any other comments or anything else that you claim caused a racially hostile work environment or were based upon your alleged disability in that [2004] period ."  (Id. at p. 4.)  Plaintiff responded, "No.  Just one time standing in the hallway someone called me a bitch." (Id. at p. 4)   In Plaintiff's amended response to Interrogatory Question No. 1, however, Plaintiff stated he was called both a "bitch" and a "boy" during 2004.

Plaintiff's testimony during his deposition and his amended answers to Interrogatory Question No. 1 are largely consistent.  In both Plaintiff's deposition testimony and his amended Interrogatory, Plaintiff details an extensive pattern of racially insensitive remarks made by Defendant's employees.  Slight variations in the timing and substance of various insensitive remarks allegedly made to Plaintiff may be significant for the purposes of determining whether Plaintiff's hostile work environment claim was timely filed, but the variations are not as meaningful for determining whether the deposition testimony and the affidavit are consistent.  When this Court considers the extent and detail of the alleged racially insensitive remarks contained in both the amended answers to Interrogatory Question No. 1 and Plaintiff's

deposition, the extended period over which they allegedly occurred, and the relative consistency between the two, this Court is satisfied that Plaintiff filed the affidavit to correct answers to his deposition testimony.

In light of the timing of Plaintiff's affidavit (served prior to the filing of the motion for summary judgment), this Court is satisfied that Plaintiff submitted the affidavit in order to amend his interrogatory responses rather than merely to defeat summary judgment. The consistency between the nature of the allegations made in Plaintiff's deposition and those contained in the affidavit, and its timing means that it is entirely plausible that a reasonable jury could find in favor of Plaintiff. See Jiminez, 503 F.3d at 253 ("A sham affidavit cannot raise a genuine issue of fact...therefore no reasonable jury could rely on it to find for the nonmovant.").

Since the amended interrogatory is part of the record in this case, this Court will allow the fact-finder to resolve credibility questions where the affidavit conflicts with deposition testimony. The Third Circuit stated in Jiminez that "if it is clear that an affidavit is offered solely for the purpose of defeating summary judgment, it is proper for the trial judge to conclude that no reasonable jury could accord that affidavit evidentiary weight and that summary judgment is appropriate." Id. at 253.

This Court's view is that it is not clear that Plaintiff submitted the affidavit solely for the purpose of defeating summary judgment. Further, this Court notes that the amended answers to Interrogatory Question No. 1 are at times unclear as to whether the alleged racially insensitive statements were made in 2004 or whether they were only reported during 2004. This Court is satisfied, however, that at least some of the allegations contained therein concern racially insensitive comments which occurred during 2004. As an example, Plaintiff states that he was

referred to as a "boy" by Frank Black, a white male manager, in 2004 and that Ralph Lano, a white/Hispanic male was made "aware of racial discrimination jokes slurs"... "Meadowlands hub 1989 through 2004." (Ramirez Aff. Ex. A, Docket Entry No. 28 # 3-4.)

Given the extensive detail surrounding Plaintiff's allegations of racially insensitive remarks contained in both the deposition and the affidavit, and the fact that Plaintiff amended his interrogatory response several months before Defendant's summary judgment motion was filed in March 2008, this Court accepts the Plaintiff's affidavit containing amended answers to Interrogatory Question No.1 as legitimate, and does not find the sham affidavit doctrine bars it from being admitted into evidence.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion for Reconsideration is denied.

                                             S/Joseph A. Greenaway, Jr.
                                             JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date:  September 2, 2009