NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                        )
REYNALDO RAMIREZ,                       )          Hon. Garrett E. Brown, Jr.
                                        )
                Plaintiff,              )          Civil Action No. 06-1042
                                        )
        v.                              )          **MEMORANDUM OPINION**
                                        )
UNITED PARCEL SERVICE,                  )
                                        )
                Defendant.              )
_____)

**BROWN, Chief Judge:**

Before the Court is Plaintiff's motion (Doc. No. 128) for reconsideration of the Court's

May 17, 2010 decision on Defendant's *in limine* motions and the Court's January 31, 2011

opinion ("January 31 opinion"), as well as Plaintiff's motion for a new trial pursuant to Federal

Rule of Civil Procedure 59. Previous decisions of this Court dismissed Plaintiff's claims, and a

jury trial has resolved Defendant's counterclaims. Also before the Court is Defendant's

unopposed motion for sanctions (Doc. No. 133).  For the following reasons, the Court will deny

Plaintiff's motion, and order Plaintiff to show cause why sanctions should not be awarded.

I.      **BACKGROUND**

Plaintiff filed a seven-count Complaint on January 17, 2006, which alleged *inter alia*

claims of race-based employment discrimination and hostile work environment against his

former employer, Defendant United Parcel Service (UPS). Counts I and II of Plaintiff's

Complaint alleged hostile work environment claims under the New Jersey Law Against

1

Discrimination (NJLAD). Count III of Plaintiff's Complaint alleged negligence against Defendant for permitting a hostile work environment. Count IV of Plaintiff's Complaint alleged loss of consortium, on behalf of Plaintiff's wife. Count V alleged that Defendant refused to provide Plaintiff with appropriate pay raises. In Count VI, Plaintiff claimed Defendant failed to promote him on the basis of race. In Count VII, Plaintiff alleged a violation of NJLAD on the grounds that Defendant's employees made discriminatory comments about the Plaintiff's physical characteristics. Defendant counterclaimed for conversion and unjust enrichment based on salaray overpayments made to the Plaintiff during his employment.

The Honorable Joseph A. Greenaway, Jr., then United States District Judge and now United States Circuit Judge, granted Defendant's motion for summary judgment in part on December 31, 2008 (Doc. Nos. 39–40), dismissing all of the Plaintiff's claims except for the hostile work environment (Counts I and II) and failure to promote (Count VI) claims. *See generally Ramirez v. United Parcel Serv., Inc.* ("*Ramirez I*"), No. 06-1042, 2008 WL 5451022 (D.N.J. Dec. 31, 2008). Because of the statute of limitations, Judge Greenaway limited the non-promotion claim to an alleged failed promotion that occurred in 2004. *Id.* at *5–6. After the summary judgment opinion, this matter was reassigned to the undersigned by Order of March 8, 2010. By Opinion and Order of May 17, 2010, this Court granted Defendant's *in limine* motions in part, and precluded Plaintiff from presenting evidence of the following: (1) Plaintiff's previously dismissed claims for discriminatory pay raises, disability-based harassment, and the wrongful denial of a promotion in 2001, and (2) harassment creating a hostile work environment prior to 2004. The Court reasoned that evidence related previously dismissed claims was not relevant to the remaining claims, and that the doctrine of laches barred Plaintiff's stale

2

allegations of racial harassment.  *Ramirez v. United Parcel Serv., Inc.* ("*Ramirez II*"), No. 06-1042, 2010 WL 1994800, at *2, 7–8 (D.N.J. May 17, 2010).

The Court conducted a week-long jury trial in September 2010 to resolve Plaintiff's remaining hostile work environment and 2004 non-promotion claims, and Defendant's counterclaims. After the close of evidence, the Court granted Defendant's motion for directed verdict on Plaintiff's hostile work environment claim, but the Court submitted the non-promotion claim and Defendant's counterclaims to the jury.  (9/24/10 Tr. at 143–44). The jury returned a partial verdict for Defendant, awarding UPS $13,431.73 in damages on the counterclaims, but could not reach a unanimous verdict on Plaintiff's failure to promote claim. UPS moved for judgment as a matter of law on the remaining non-promotion claim pursuant to Federal Rule of Civil procedure 50.  By Opinion and Order of January 31, 2011, the Court granted Defendant's Rule 50 motion and entered judgment against Plaintiff on Plaintiff's failure to promote claim. *See generally Ramirez v. United Parcel Serv., Inc.* ("*Ramirez III*"), No. 06-1042, 2011 WL 380657 (D.N.J. Jan. 31, 2011).

While represented by counsel, Plaintiff filed a motion for reconsideration and/or a new trial on February 25, 2011. After Defendant submitted a draft motion for sanctions to alert Plaintiff's counsel of their intent to seek sanctions, Plaintiff's counsel withdrew the motion on April 14, 2011. Plaintiff's counsel thereafter terminated his representation of Plaintiff.  On May 4, 2011, Plaintiff, appearing *pro se*, submitted to Chambers a new motion for reconsideration and/or a new trial pursuant to Federal Rule of Civil Procedure 59.[1]  The *pro se* motion is

---

[1]The cover letter to the motion bore the date April 23, 2011.  The Court docketed the motion on May 5, 2011.

substantively similar to the original motion for reconsideration.[2] After Plaintiff filed the *pro se* motion for reconsideration, Defendant notified Plaintiff that it would move for sanctions if he did not withdraw the motion, and included a draft of their cross-motion for sanctions.  (Gonzales Certif. Exs. 25–26.)  When Plaintiff did not withdraw the second motion for reconsideration, UPS cross-moved for sanctions on June 6, 2011.  To date, this Court has not received opposition to UPS's cross-motion.

## II.   ANALYSIS

Because Plaintiff appears to present arguments for both reconsideration and for a new trial, the Court will consider each under the applicable standard. In doing so, the Court is mindful of Plaintiff's *pro se* status, and therefore construes Plaintiff's pleadings with greater latitude. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552 (3d Cir. 1969) (stating that *pro se* petitions should be liberally construed).

Plaintiff appears to seek reconsideration of the Court's evidentiary rulings that: (1) barred evidence of a hostile work environment prior to 2004 and (2) excluded evidence of previously dismissed claims, as well as (3) Judge Greenaway's dismissal of Plaintiff's discriminatory pay raise claim. Plaintiff also appears to challenge the Court's January 31, 2011 decision granting judgment as a matter of law against Plaintiff's non-promotion claim.  Asserting that these legal determinations were in error, and for other reasons, Plaintiff moves for a new trial on his claims

---

[2]Indeed, the new motion, though submitted by Ramirez, includes references to Plaintiff in the third person.  The new brief appears to the Court to be a modified version of the original filed by counsel.

4

of (1) a hostile work environment, (2) failure to promote, and (3) discriminatory pay raises. Furthermore, Plaintiff seeks to amend his complaint to include claims for back-pay compensatory damages and wrongful termination.

    A.  *Timeliness of Motion for Reconsideration and Motion for a New Trial*

      Under the New Jersey Local Civil Rules, a motion for reconsideration must be filed and served within 14 business days of the entry of the original order or judgment. L. Civ. R. 7.1(i). Judge Greenaway granted Defendant's motion for summary judgment on Plaintiff's discriminatory pay raise claim on December 30, 2008.  This Court's ruling on UPS's *in limine* motion was issued May 17, 2010, and the Court's ruling on Defendant's Rule 50 motion was issued on January 31, 2011.  Plaintiff's motion for reconsideration of these decisions is untimely, because the first iteration of Plaintiff's motion was filed by counsel on February 25, 2011, which is well outside the 14-day period for reconsideration as established by Local Civil Rule 7.1(i). To the extent that Plaintiff seeks reconsideration of Judge Greenaway's rulings, the Court's *in limine* evidentiary rulings, or the Court's January 31, 2011 post-trial decision, Plaintiff's motion is untimely and must be denied.  *See, e.g.*, *Oriakhi v. Bureau of Prisons*, 2009 U.S. Dist. LEXIS 55379 (D.N.J. June 29, 2009) ("An untimely filed motion for reconsideration 'may be denied for that reason alone'").  The Court further notes that Plaintiff previously sought reconsideration of the Court's *in limine* evidentiary rulings before trial, which this Court denied from the bench on September 7, 2010.  (*See* Order of Sept. 7, 2010, Doc. No. 78.)  To the extent that Plaintiff seeks reconsideration of these rulings a second time, Plaintiff's motion is improper.  With regard to Plaintiff's motion for a new trial, Federal Rule of Civil Procedure 59 permits a Plaintiff to file the motion within 28 days of the entry of judgment. Fed. R. Civ. P. 59(b). The Court, after

previously dismissing Plaintiff's other claims at various intervals throughout the litigation, granted Defendant's motion for judgment as a matter of law on Plaintiff's remaining non-promotion claim by Opinion and Order of January 31, 2011. Plaintiff, through counsel, first filed a motion for a new trial on February 25, 2011. (Doc. No. 119). The Court struck the motion brief for failure to comply with the length restrictions of Local Civil Rule 7.2(d), and Plaintiff refiled a brief that complied with the Local Civil Rule by March 9, 2011. (Letter Order of Mar. 2, 2011, Doc. No. 121.) Plaintiff's motion was withdrawn by counsel by letter of April 13, 2011. (Doc. No. 125; *see also* Doc. No. 126.) Plaintiff, now appearing *pro se*, re-filed essentially the same motion for a new trial on May 5, 2011. Like its predecessor, this motion was also overlength, and it was accompanied by a lengthy "certification" that contained numerous improper arguments. UPS argues that the re-filed motion is time barred, as it was filed 93 days after the entry of judgment.

The Court recognizes Plaintiff's initial motion for a new trial was timely, but was withdrawn by counsel after the 28-day period established by Federal Rule of Civil Procedure 59 had already passed. Because Plaintiff's *pro se* motion for a new trial is essentially identical to the timely motion for a new trial, out of an abundance of caution, the Court will treat the second motion as though it were filed on the date of the first motion and consider the merits of Plaintiff's arguments.

### B. Merits of Plaintiff's Motion for Reconsideration and New Trial

As noted by the Third Circuit, "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Courts will only grant reconsideration in the

6

following circumstances: (1) when intervening changes in controlling law occur; (2) when previously unavailable evidence comes to light; or (3) when "necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citation omitted); *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  "[A] motion for reconsideration is not an appeal," *Feit v. Great-West Life & Annuity Ins. Co.*, 460 F. Supp. 2d 632, 643 (D.N.J. 2006), and a party may not "ask the court to rethink what it ha[s] already thought through—rightly or wrongly," *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Meanwhile, "Rule 59(a) of the Federal Rules of Civil Procedure allows a party to seek relief from a judgment by filing a motion for a new trial." *Winnicki v. Bennigan's*, No. 01-3357, 2006 U.S. Dist. LEXIS 61206, at *2 (D.N.J. Aug. 28, 2006). "Grounds upon which a new trial may be granted include: 1) that the verdict is against the weight of the evidence; 2) that the damages are excessive; or 3) that the district court made substantial errors in the admission or rejection of evidence or in its instructions to the jury." *Id.* at *3 (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). The district court has discretion on whether or not to grant a new trial. *Winnicki*, at *2 (citing *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995)).  "In evaluating a motion for a new trial on the basis of trial error, the court must first determine whether an error was made in the course of the trial and then decide whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice." *Matos v. City of Camden*, No. 06-205, 2010 WL 3199928, at *1 (D.N.J. Aug. 12, 2010) (internal

7

quotation marks and citation omitted).  Courts in this Circuit have held that "a party who fails to object to errors at trial waives the right to complain about them following trial." *Waldorf v. Shuta*, 142 F.3d 601, 629 (3d Cir.1998).

As the Court noted above, the entirety of Plaintiff's motion for reconsideration is time barred under Local Civil Rule 7.1.  *See Oriakhi v. Bureau of Prisons*, 2009 U.S. Dist. LEXIS 55379 (D.N.J. June 29, 2009).  However, even if timely, Plaintiff has not shown proper grounds for either reconsideration or a new trial.

### 1.  *Plaintiff's Hostile Work Environment Claim*

Plaintiff seeks reconsideration of the Court's application of the doctrine of laches to Plaintiff's hostile work environment claim.  More specifically, Plaintiff asks the Court to reevaluate the Court's selection of 2004 as the exclusionary line, arguing that 2000 is a more equitable limitation for Plaintiff's hostile work environment claim.  Notably, Plaintiff does not dispute that the doctrine of laches applies to this case.  Plaintiff argues that by limiting evidence to incidents that occurred between 2004 and March 2005 (when Plaintiff went on disability leave), the Court unfairly eliminated most of the evidence of Plaintiff's hostile work environment claim. (Pl.'s Br. at 32–33.)  Plaintiff points out that his amended interrogatory answer number one included numerous examples of incidents of harassment that occurred between 2000–2003.  (*Id.*)

As this Court explained in the January 31 opinion, the continuing violations doctrine is an equitable doctrine applicable to hostile work environment claims that allows for the inclusion of evidence concerning harassment that would otherwise be barred by the statute of limitations, so long as the alleged incidents of harassment were not individually actionable. *See, e.g.*, *Shepherd v. Hunterdon Dev. Ctr.,* 174 N.J. 1, 18–23 (2002). By allowing evidence of discriminatory acts that

would otherwise be barred by the statute of limitations, the continuing violations doctrine reflects the inequity that occurs in certain circumstances when plaintiff only realizes that he has been a victim of unlawful discrimination "with the benefit of hindsight, after numerous discriminatory acts." *Hall v. St. Joseph's Hosp.*, 343 N.J. Super. 88, 103 (App. Div. 2001).  To establish a continuing violation under the NJLAD, "a plaintiff must show that (1) at least one allegedly discriminatory act occurred within the filing period and (2) the discrimination is 'more than the occurrence of isolated or sporadic acts of intentional discrimination' [but] is instead a continuing pattern of discrimination." *Alexander v. Seton Hall Univ.*, 410 N.J. Super. 574, 580 (App. Div. 2009).  Once a Plaintiff has met these requirements, he may recover for damages incurred as a result of the entire continuing violation.

The equitable doctrine of laches, meanwhile, serves the opposite function of the continuing violations doctrine by excluding dated evidence of discrimination where the plaintiff unreasonably delayed in bringing suit for the discriminatory acts.  The New Jersey Supreme Court has expressly recognized the availability of a laches defense to NJLAD hostile work environment claims.  *E.g.*, *Shepherd*, 174 N.J. at 22–23.  To establish a defense of laches, a defendant must present evidence that: (1) the plaintiff's delay in bringing a particular claim was unreasonable and demonstrates a lack of diligence, and (2) that defendant has been prejudiced by plaintiff's delay. *Mancini v. Twp. of Teaneck*, 179 N.J. 425, 431 (2004) (quoting *Morgan*, 536 U.S. at 121–22).  In determining the applicability of the doctrine of laches, "[t]he length of delay, reasons for delay, and changing conditions of either or both parties during the delay are the most important factors that a court considers and weighs." *Lavin v. Bd. of Educ. of Hackensack*, 90 N.J. 145, 152 (1982).

The Court now considers the applicability of the doctrines of continuing violations and

9

laches for the third time.  Plaintiff initially alleged that he was subject to a hostile work environment dating back to the 1980s, and sought to introduce evidence of discrimination that occurred prior of the two-year NJLAD statute of limitations.  In its *in limine* motion, UPS had argued that the dated incidents of harassment were barred by the doctrine of laches because Plaintiff unreasonably delayed in bringing suit and because the admission of stale evidence would be highly prejudicial.  After extensively reviewing Plaintiff's proffer of incidents of harassment from the 1980s to 2004, the Court agreed with UPS.  The Court noted that many of Plaintiff's allegations were vague and did not give context as to who said which comments and to whom the comments were directed.  The Court also noted that Plaintiff failed to justify his unreasonable delay in bringing his harassment claim.  On the basis of this record, the Court concluded that the pre-2004 allegations of harassment were stale, because UPS could not properly defend against them.  *Ramirez II*, 2010 WL 1994800, at *7–8.

Plaintiff cannot now challenge the merits of the Court's laches decision, because Plaintiff failed to provide the Court with any evidence of racial harassment that occurred within the two-year NJLAD limitations period at trial.  As noted above, in order to invoke the continuing violations doctrine, a plaintiff must show at least one instance of harassment during the limitations period.  At various points in this litigation, Plaintiff has alleged incidents of harassment that occurred in 2004: in opposition to UPS's motion for summary judgment before Judge Greenaway; in opposition to UPS's *in limine* motion; and in his opening statements at trial. Yet, Plaintiff failed to provide any evidence to substantiate that claim at trial.  Because Plaintiff presented no evidence whatsoever of harassment creating a hostile work environment, the Court granted Defendant's Rule 50 motion on that claim.  (9/24/10 Tr. at 143-44).  Plaintiff does not

now dispute that he failed to present evidence at trial of harassment creating a hostile work environment during the limitations period, and he does not now argue that he would present such evidence if he were granted a new trial.  Indeed, Plaintiff now concedes that he was not exposed to racial harassment between 2004 and 2005, because he was not present at the UPS facility during that time.  (Pls.' Br. at 11–12 ("Since he was not physically in the defendant's facility for the last fourteen months of his career, he was not exposed to racial comments and jokes during that time.").)  However, if Plaintiff had made that concession three years ago, Judge Greenaway would have granted summary judgment against Plaintiff's hostile work environment claim, because Plaintiff would have no evidence of harassment during the limitations period for purposes of the continuing violation doctrine.  Because Plaintiff failed to present any evidence of an act of harassment occurring within the limitations period at trial, Plaintiff is not entitled to invoke the continuing violations doctrine, and therefore any argument regarding the application of the doctrine of laches is unavailing.

Even if Plaintiff met the requirements for the continuing violations doctrine, Plaintiff does not present a persuasive justification for a different exclusionary line under the doctrine of laches. This Court noted in ruling on the *in limine* motion that Plaintiff had not offered any explanation for why he endured more than fifteen years of discriminatory comments amounting to a hostile work environment before bringing suit.  *Ramirez II*, 2010 WL 1994800, at *7.  Given the remote and vague nature of many of Plaintiff's allegations, it was and still is reasonable to conclude that Plaintiff's delay in reporting would be prejudicial to UPS's ability to defend against the older allegations of discriminatory remarks, particularly because Plaintiff himself cannot recall the specific details surrounding many of the incidents he alleged.  Plaintiff now appears to present a

fear of retaliation by Defendant as an explanation for his delay. ( Pl.'s Br. at 37.)[3]  UPS correctly

notes that this is the first time this justification has been presented to the Court, despite ample

opportunity for Plaintiff to introduce it before and during trial.  Plaintiff's belated attempt to

introduce a new theory for delay in this post-trial motion is improper; however, even if the Court

permitted this argument, it is unavailing because it does not justify Plaintiff's failure to introduce

evidence of a hostile work environment during the trial.

Plaintiff has not shown new evidence, a change in law, or clear error with this Court's

prior decisions.  The Court will therefore deny this portion of Plaintiff's motion.

### 2. Reconsideration of the Plaintiff's Non-Promotion Claim

Plaintiff next seeks reconsideration on the Court's exclusion of evidence of an alleged

failed promotion attempt in 2001, and seeks a new trial of the 2004 non-promotion claim on the

grounds that the Court improperly excluded evidence of his previously dismissed 2001 non-

promotion claim.  Plaintiff contends that the Court erred in granting Defendant's *in limine* motion

to exclude all evidence related to any alleged failed promotion attempts that occurred prior to

2004.  In opposition to Defendant's motion *in limine*, Plaintiff argued, under the Supreme Court

standard in *Morgan* and New Jersey Supreme Court standard in *Roa*, that evidence related to prior

failed promotions is admissible as background evidence of his remaining timely non-promotion

_____

[3]Plaintiff appears to argue that he did present some evidence of a hostile work
environment in the form of secretly taped conversations he had with UPS management.  (*See*
Pls.' Br. at 12.)  Without citation to the tape transcripts or referencing specific comments made,
Plaintiff argues that the tapes (particularly that of Jorge Bertot) showed that "jay [sic] Bowers
had a reputation of being racially bias [sic] and that Rudy Louston [sic] also shared that opinion."
(*Id.*)  Plaintiff does not explain how a third-party's allegation of racial bias constitutes an
occurrence of racial harassment, and Plaintiff does not otherwise present persuasive argument
that portions of the audiotapes were improperly excluded.

claim under Federal Rule of Evidence 404(b), which permits "[e]vidence of other crimes, wrongs or acts" to be used as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Roa v. Roa*, 200 N.J. 555, 576 (2010); Fed. R. Evid. 404(b). The Court agreed with Plaintiff that under the *Morgan* and *Roa* standards, evidence of time-barred claims may be admissible as background evidence, but found that Plaintiff had failed to demonstrate how the evidence of prior failed promotion attempts was relevant to the alleged failed promotion in 2004. *Ramirez II*, 2010 WL 1994800, at *1–2 (D.N.J. May 17, 2010). The Court held that because Plaintiff had failed to show a sufficient nexus between the 2001 and 2004 failure to promote claims, any evidence of the former was not relevant to the latter. *Id.*

Plaintiff now moves again for reconsideration of the admissibility of prior failed promotion attempts on the grounds that the Court erred in failing to recognize a sufficient factual nexus between the denial of a promotion in 2001 and 2004 because the incidents establish a pattern of action by Defendant, and particularly the involvement of Robert Agazzi, a Caucasian supervisor, in both non-promotion incidents. (*See* Ramirez Certif. at 13.)  Plaintiff argues that the earlier evidence is relevant because Agazzi played an influential part in shaping the decision of Rudy Louhisdon, Plaintiff's African-American supervisor, in deciding not to promote Plaintiff in 2004. (Pl.'s Br. at 19). In support of this argument, Plaintiff cites Agazzi's deposition, in which Agazzi stated he discussed Plaintiff with Louhisdon after a meeting with Plaintiff, and argues Agazzi's influence over the 2001 and 2004 promotion decisions is sufficiently analogous to establish a pattern of discrimination by Defendant. (*Id.*)

Plaintiff's arguments lack merit.  As this Court has previously explained, Plaintiff's

13

allegation of an essential factual nexus between the denial of promotions in 2001 and 2004 is significantly undermined because Rudy Louhisdon, the final decision maker in the 2004 promotion denial, was not employed in the same UPS district as Plaintiff in 2001. (9/22/10 Tr. at 128:2–4.)  Moreover, Plaintiff's representation of Agazzi's adverse involvement in the 2004 non-promotion is not supported by the trial record.  At trial, Agazzi stated he sought to promote Plaintiff and had recommended him for promotion to Louhisdon in 2004. (9/20/10 Tr. at 58:6–7; 60:20–23).  Louhisdon also testified that Plaintiff was initially recommended for promotion by Agazzi.  (9/22/10 Tr. at 38:21–23.)  There was ample evidence presented to the Court at trial that Plaintiff was the primary candidate considered for the 2004 promotion by both Agazzi and Louhisdon.  (9/20/10 Tr. at 63:10–12; 73:21, 9/22/10 Tr. at 38:12–23.)  Plaintiff cites no testimony presented at trial that suggests Agazzi exercised any influence over Louhisdon's decision not to promote Plaintiff; rather, the undisputed trial evidence suggested that Louhisdon independently decided to laterally transfer another candidate into the supervisor position only after Plaintiff expressed dissatisfaction with the salary Louhisdon claimed would accompany the promotion.  (9/22/10 Tr. at 63:20–23, 73:14–21).  Assuming *arguendo* that Plaintiff was discriminated against in prior promotion attempts, the trial evidence did not support the conclusion that Plaintiff was discriminated against with regard to the 2004 promotion attempt, and the undisputed trial evidence revealed that the allegedly biased manager—Agazzi—fully supported the 2004 promotion attempt, which rested in the sound discretion of Louhisdon.  Under these circumstances, the 2001 non-promotion is not "background evidence" to support the 2004 non-promotion claim, but an independent claim.  As previously noted, Judge Greenaway dismissed that claim in 2008.

14

The Court stands by the prior decisions holding that Plaintiff has not shown the 2001 failed promotion attempt to be relevant to the 2004 non-promotion claim.  Plaintiff still fails to offer any evidence that establishes a material link between the two denials of promotion, and Plaintiff has not shown a clear error in this Court's prior decisions.  Accordingly, the Court will deny this portion of Plaintiff's motion.

The Court will also reject Plaintiff's related argument that it was improper for this Court to grant UPS's post-trial Rule 50 motion on Plaintiff's 2004 non-promotion claim.  Plaintiff argues that the factual circumstances surrounding the denial of the promotion in 2004 are sufficient to raise an inference of discriminatory intent by Defendant, and therefore the claim should have been re-submitted to a different jury rather than decided by the Court as a matter of law. (Pl's Br. at 55.)  Yet, Plaintiff fails to identify trial evidence that created a genuine dispute of fact.  As the Court explains above, Plaintiff has failed to present adequate grounds for reconsideration of the exclusion of evidence.  Plaintiff's motion for a new trial to allow the jury to consider the previously excluded evidence must subsequently fail as well.

### 3. Plaintiff's Discriminatory Pay Raise Claim

Plaintiff next contends that Count V of Plaintiff's Complaint should be reinstated pursuant to Federal Rule of Civil Procedure 60. (Pl.'s Br. at 46). Count V, which alleged discriminatory pay raises by Defendant, was dismissed by Judge Greenaway on Defendant's motion for summary judgment. *Ramirez I*, 2008 WL 5451022, at *4.  Plaintiff moves for reinstatement of the discriminatory pay raise claim on the grounds that the Defendant presented a fraudulent affidavit misrepresenting Defendant's payroll records, and the affidavit was considered by the Court in granting Defendant's motion for partial summary judgment. (Pl.'s Br. at 46, 47).  Under Federal

15

Rule of Civil Procedure 60, a court may relieve a party from a judgment or order in instances of fraud or misrepresentation by the opposing party. Fed. R. Civ. P. 60(b)(3).

The Court finds that Rule 60 relief is not warranted here, because Plaintiff has not shown that Judge Greenaway's decision relied on fraudulent statements or misrepresentations. In granting Defendant's summary judgment motion, Judge Greenaway noted that Plaintiff "admits" he was not guaranteed a minimum pay raise, and that Plaintiff did not contest that he received 14 pay raises in excess of 3% and six raises in excess of 6% throughout his employment with UPS. *Ramirez I*, 2008 WL 5451022, at *4. Plaintiff now challenges as fraudulent the affidavit of Jay Bowers. (Pl.'s Br. at 46.) However, Judge Greenaway did not make any mention of this allegedly fraudulent affidavit. Rather, Judge Greenaway cited unopposed portions of UPS's 56.1 Statement, which cited portions of Plaintiff's deposition testimony and the Kramer Certification. Plaintiff does not now challenge these proofs cited by Judge Greenaway, or otherwise contest that he received the raises indicated in the Kramer Certification. Because Plaintiff has failed to show that the challenged affidavit was material to Judge Greenaway's ruling to dismiss his claim, and because Plaintiff does not now dispute the facts relevant to Judge Greenaway's conclusion, the Court will deny Plaintiff's motion in this regard.

### 4. Amendment to Add Back Pay & Wrongful Termination Claims

On the cover page of Plaintiff's motion for reconsideration, Plaintiff appears to seek leave of the Court to amend his Complaint to include a claim for back pay and wrongful termination pursuant to Federal Rule of Civil Procedure 15. (Pl.'s Br. Cover Page). Federal Rule of Civil Procedure 15(a)(2) allows a pleading to be amended with consent of the court "when justice so requires."

With regards to Plaintiff's request to add a wrongful termination claim, Plaintiff offers no substantive argument in support of this conclusion. Plaintiff offers no explanation in his brief regarding the contours of the proposed claim nor does he offer any explanation for his failure to include the claim earlier in litigation.  At this late stage, more than five years after the initial Complaint and months after the trial, the Court will deny Plaintiff's unspecified request to add a wrongful termination claim.  *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that leave to amend is properly denied where there has been undue delay, bad faith, dilatory motive, prejudice, or such amendment would be futile).

As for Plaintiff's request to include a claim of back pay as part of the compensatory damages for the non-promotion claim, Defendant correctly notes that such relief is superfluous, because back pay was addressed by Plaintiff several times at trial and the issue was submitted to the jury for consideration. (Def. Br. at 27).  In opening statements, Plaintiff's counsel stated evidence would be presented as to the amount of income lost due to the failed promotion in 2004. (9/17/10 Tr. at 35:20-22).  At trial, Plaintiff testified on several occasions to the amount of salary he lost due to the denied promotion. (9/24/10 Tr. at 85:22–25, 100:9–13.)  The jury verdict sheet also addressed lost wages, as it asked the jury to set forth the amount of economic damages owed to Plaintiff because of the non-promotion.  (Doc. No. 103.)  Furthermore, the Court has granted judgment against Plaintiff on this claim, rendering the present discussion of damages hypothetical. Plaintiff does not present any argument that the exclusion of the phrase "back pay" from the Complaint had any impact on the evidence presented at trial.  Because Plaintiff has had ample opportunity to present back pay as a facet of compensatory relief sought at trial, the Court will deny this portion of Plaintiff's motion as moot.

17

## III.   CONCLUSION

For the aforementioned reasons, the Court will deny Plaintiff's motion for reconsideration and a new trial.  (Doc. No. 128.)  Plaintiff has not responded to UPS's cross-motion for sanctions. After carefully reviewing UPS's cross-motion, the Court will order Plaintiff to show cause in writing, no later than August 12, 2011, why monetary sanctions should not be levied against him. Any such submission shall not exceed 10 pages, must be filed with the Clerk of the Court, and must be served upon UPS, or else it will be stricken from the record.  UPS will have the opportunity to respond to any such submission within 10 days of receipt, said response also not to exceed 10 pages.  An appropriate form of Order accompanies this Memorandum Opinion.

Dated: July 27, 2011                           _____/s/ Garrett E. Brown, Jr._____
                                                GARRETT E. BROWN, JR. U.S.D.J.

18