NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| REYNALDO RAMIREZ, | Hon. Garrett E. Brown, Jr. |
| Plaintiff, | Civil Action No. 06-01042 |
| v. | **MEMORANDUM OPINION** |
| UNITED PARCEL SERVICE, | |
| Defendant. | |

**BROWN, Chief Judge**

  This matter comes before the Court upon United Parcel Service's ("Defendant") motion (Doc. No. 133) for sanctions pursuant to the equitable powers of the Court, and Federal Rules of Civil Procedure 11, 16, and 56(h). Previous decisions of this Court dismissed Reynaldo Ramirez's ("Plaintiff") claims, and a jury trial has resolved Defendant's counterclaims. The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant in part and deny in part Defendant's motion and impose Rule 11 non-monetary sanctions on the Plaintiff.

**I. BACKGROUND**

  On January 17, 2006, Plaintiff filed a seven-count Complaint, which alleged *inter alia* claims of race-based employment discrimination and hostile work environment against Defendant, his former employer. Counts I and II of Plaintiff's Complaint alleged hostile work

environment claims under the New Jersey Law Against Discrimination ("NJLAD"). Count III of Plaintiff's Complaint alleged negligence against Defendant for permitting a hostile work environment. Count IV of Plaintiff's Complaint alleged loss of consortium, on behalf of Plaintiff's wife. Count V alleged that Defendant refused to provide Plaintiff with appropriate pay raises. In Count VI, Plaintiff claimed Defendant failed to promote him on the basis of race. In Count VII, Plaintiff alleged a violation of NJLAD on the grounds that Defendant's employees made discriminatory comments about the Plaintiff's physical characteristics. Defendant counterclaimed for conversion and unjust enrichment based on salary overpayments made to the Plaintiff during his employment.

The Honorable Joseph A. Greenaway, Jr., then United States District Judge and now United States Circuit Judge, granted Defendant's motion for summary judgment in part on December 31, 2008 (Doc. Nos. 39–40) and dismissed all of the Plaintiff's claims except those alleging a hostile work environment and failure to promote (Counts I, II, and VI). *See generally Ramirez v. United Parcel Serv., Inc.* ("*Ramirez I*"), No. 06-1042, 2008 WL 5451022 (D.N.J. Dec. 31, 2008). Because the NJLAD contains a two year statute of limitations, Judge Greenaway limited the nonpromotion claim to a 2004 promotion dispute. *Id*. at *5–6. After the summary judgment opinion, this matter was reassigned to the undersigned by Order of March 8, 2010.

By Opinion and Order of May 17, 2010, this Court granted Defendant's *in limine* motions in part, and precluded Plaintiff from presenting evidence of: (1) Plaintiff's previously dismissed claims for discriminatory pay raises, disability-based harassment, and the wrongful denial of a promotion in 2001, and (2) harassment contributing to a hostile work environment prior to 2004. The Court held that evidence regarding previously dismissed claims was not relevant to the

remaining claims, and that the doctrine of laches barred Plaintiff's stale allegations of racial harassment. *Ramirez v. United Parcel Serv., Inc.* ("*Ramirez II*"), No. 06-1042, 2010 WL 1994800, at *2, 7–8 (D.N.J. May 17, 2010).

      The Court conducted a week-long jury trial in September 2010 to resolve Plaintiff's remaining hostile work environment and non-promotion claims, and Defendant's counterclaims. After the close of evidence, the Court granted Defendant's motion for directed verdict on Plaintiff's hostile work environment claim, but submitted the non-promotion claim and Defendant's counterclaims to the jury. The jury returned a partial verdict for Defendant, awarding $13,431.73 in damages on the counterclaims, but could not reach a unanimous verdict on Plaintiff's failure to promote claim. Defendant subsequently moved for judgment as a matter of law on the remaining non-promotion claim pursuant to Federal Rule of Civil Procedure 50. By Opinion and Order of January 31, 2011, the Court granted Defendant's Rule 50 motion and entered judgment against Plaintiff on the failure to promote claim. *See generally Ramirez v. United Parcel Serv., Inc.* ("*Ramirez III*"), No. 06-1042, 2011 WL 380657 (D.N.J. Jan. 31, 2011).

      On February 25, 2011, while represented by counsel, Plaintiff filed a motion for reconsideration and/or a new trial pursuant to Federal Rule of Civil Procedure 59. On April 14, 2011, Plaintiff's counsel withdrew the motion and terminated his representation of the Plaintiff after Defendant submitted a draft motion for sanctions. Appearing *pro se*, Plaintiff submitted a new motion for reconsideration and/or a new trial on May 4, 2011, that was substantively identical to the original motion for reconsideration. Thereafter, Defendant notified Plaintiff that it would move for sanctions if he did not withdraw the motion, and included a draft of their cross-motion for sanctions. Plaintiff did not withdraw the second motion for reconsideration and on

3

June 6, 2011 Defendant cross-moved for sanctions. By Opinion and Order of January 31, 2011, the Court denied the motion for reconsideration and a new trial. The Court also ordered Plaintiff to submit an opposition to the cross-motion for sanctions no later than August 21, 2011. *See generally Ramirez v. United Parcel Serv., Inc.* ("*Ramirez IV*"), No. 06-1042, 2011 WL 3203720 (D.N.J. Jul. 27, 2011). Plaintiff filed his opposition on August 12, 2011. On August 19, 2011, Defendant filed its reply.

## II.     ANALYSIS

Defendant alleges that Plaintiff failed to disclose witnesses with knowledge of the case, submitted a sham affidavit to defeat a summary judgment motion, and generally acted in bad faith before and during the trial. Accordingly, Defendant has moved for sanctions pursuant to the equitable powers of the Court, and Federal Rules of Civil Procedure 11, 16, and 56(h). Defendant has requested attorney's fees incurred in defending of the hostile work environment claim, drafting oppositions to two motions for reconsideration, and moving for sanctions.

Federal courts possess the inherent authority to impose "sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Such powers, however, "must be exercised with restraint and discretion." *Id*. at 764. Only "in narrowly defined circumstances" may the federal courts exercise their power to assess attorney's fees against counsel. *Id*. at 763. In exercising their discretion courts are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash  R. Co.*, 370 U.S. 626, 630-631.

*A. Rule 26 disclosures*

Defendant alleges that the Plaintiff failed to disclose witnesses with knowledge of the case. (Def.'s Br. at 5). Federal Rule of Civil Procedure 16 was designed to "provide for judicial control over a case at an *early stage*" (emphasis supplied) in order "to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases." *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990). Regarding sanctions, the rule provides that:

> the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A)    fails to appear at a scheduling or other pretrial conference;
>
> (B)    is substantially unprepared to participate—or does not participate in good faith—in the conference or
>
> (C)    fails to obey a scheduling or other pretrial order

FED. R. CIV. P. 16(f)(i). The rule also provides that "instead of or in addition to any other sanctions, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expense unjust." FED. R. CIV. P. 16(f)(ii).

Although Plaintiff failed to identify any fact witness, other than himself and his wife, in his May 19, 2006 Rule 26 disclosures, he then disclosed ten additional witnesses on July 13, 2006, a fact omitted in the cross-motion for sanctions. Both Plaintiff and Defendant were slow in disclosing information. As a result, during the January 24, 2007 telephone conference, Magistrate

Judge Arleo ordered each side to produce the necessary supplemental documentation by February 5, 2007.

Defendant alleges that Plaintiff's amended disclosures were so vague as to violate Judge Arleo's order. (Def.'s Br. at 5). Plaintiff's amended disclosures are indeed vague, as he seldom identifies who said what when. But the document's most serious failing is its inability to distinguish between allegedly racist remarks and discussions between Plaintiff and others regarding these statements. Indeed, Plaintiff appears to believe that discussions in 2004 and 2005 concerning discriminatory statements made in years prior to 2004 are admissible. (Pl.'s Br. at 2). The Plaintiff, however, will not be sanctioned for counsel's failure to explain what is and what is not relevant to the claim. Nor will the Court impose sanctions designed to "provide for judicial control over a case at an early stage," after all claims have been resolved. *Newton*, 918 F.2d at 1126. Judge Arleo did not levy sanctions against the parties at the time and the Court will not do so now.

*B. The Affidavit*

Defendant alleges that Plaintiff submitted a false affidavit that is based entirely on episodes that went unmentioned during the Rule 104 hearings, contradicts Plaintiff's deposition, and was prepared in a transparent attempt to defeat summary judgment. The purpose of Federal Rule of Civil Procedure 56 is "to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871, 888-89 (1990). To this end, Rule 56(h) provides that if "satisfied that an affidavit or declaration . . . is submitted in bad faith or solely for delay" a court may "order the submitting

party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result." FED. R. CIV. P. 56(h).

Sanctions are inappropriate because the affidavit: (1) contained at least one example relevant to the hostile work environment claim (i.e. the Frank Black remark); (2) did not contradict the deposition[1] (which includes the Frank Black statement); and (3) is a verbatim copy of the amended disclosure, which was submitted several months before Defendant moved for summary judgment and therefore cannot possibly be read as a "transparent attempt to defeat summary judgment." (Def.'s Br. at 7). Because the Frank Black incident is relevant to plaintiff's hostile work environment claim and was mentioned during the Rule 104 hearings,[2] (Def.'s Br., Gonzales Certif., Ex. 4, at 9:5-6), a fact omitted in the motion for sanctions, the affidavit cannot be considered a sham. *Jimenez v. All American Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007) ("A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment."). Therefore, Defendant's claim that Plaintiff submitted a sham affidavit is unsupported by the facts and does not call for sanctions.

---

[1] It is not true that plaintiff "unambiguously" confirmed that he had no knowledge of any discriminatory comments made in 2004 and 2005. The interrogatories were much too convoluted to warrant such a conclusion. Nonetheless, Defendant relies on this "admission" to support its claim that Plaintiff submitted a false affidavit to defeat Defendant's summary judgment motion. (Def.'s Br. at 6).

[2] The only unresolved inconsistency between the affidavit and the subsequent Rule 104 hearings is whether Frank Black referred to plaintiff as a "bitch," a "boy," or both. Plaintiff alleges that "ineffective counsel" is responsible for the failure to clarify this incident during the Rule 104 hearings. Indeed, the failure on the part of counsel to ascertain the exact nature of Plaintiff's allegations suggests that responsibility for unnecessary litigation may lie with counsel rather than the client. One problem with the Plaintiff's case is particularly illustrative in this regard: Plaintiff continues to believe that Defendant had an obligation to depose and bring to trial witnesses listed in the interrogatory answers. (Pl.'s Br. at 2). Plaintiff never appears to have been informed by counsel that it was his responsibility to present a case. In light of this and other examples it is unnecessary to hold a hearing to apportion responsibility between counsel and client.

*C. Bad Faith and Motions for Reconsideration*

Defendant alleges that in failing to disclose, prior to the Rule 104 hearing, additional witnesses and additional incidents of racial harassment that occurred in 2004 Plaintiff violated Judge Arleo's court order. (Def.'s Br. at 10). Defendant further alleges that Plaintiff's motion for reconsideration and a new trial was untimely, frivolous, and violated multiple Court Rules on content and length. *Id*. at 16-18.

Federal Rule of Civil Procedure 11 was designed to deter pleadings that are "frivolous, legally unreasonable, or without factual foundation . . . ." *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (internal quotations omitted). To this end, Courts may impose sanctions for conduct prohibited by Rule 11(b) provided that:

> after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

FED. R. CIV. P. 11(c). The appropriate sanction may include "reasonable expenses, including attorney's fees, incurred for the motion" of the prevailing party. FED. R. CIV. P. 11(c)(2).

The Third Circuit Court of Appeals has employed a "reasonableness" standard for determining the appropriateness of Rule 11 sanctions. *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 288 (3d Cir. 1991) (citations omitted). Reasonableness has been defined in this context as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Id*. (internal quotations omitted). *See also Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 299 (3d Cir. 1996) ("the amended rule imposes a duty on counsel to make an inquiry into both the facts and the law which is "reasonable under the

8

circumstances."). "Bad faith is not required." *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1996). Mere negligence is sufficient. *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir. 1987).

Rule 11 provides that "a sanction imposed for violation of this rule must be limited to what is sufficient to deter such conduct in the future" and "may consist of, or include, directives of a nonmonetary nature . . . ." FED. R. CIV. P. 11 (c)(2). The Third Circuit Court of Appeals has held that the "district court's choice of deterrent is appropriate when it is the *minimum* that will serve to *adequately* deter the undesirable behavior" and that district courts should consider "whether the attorney has a history of this sort of behavior [and] the defendant's need for compensation." *Zuk*, 103 F.3d at 301. An appropriate sanction may include "a warm-friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanction, or other measures appropriate to circumstances." *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 811 (3d Cir. 1992) (citing *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866 (5th Cir. 1988)). Indeed, the Third Circuit Court of Appeals has repeatedly noted that "the Rule's primary purpose is not 'wholesale fee shifting but [rather] correction of litigation abuse.'" *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3rd Cir. 1988) (citing *Gaiardo*, 835 F.2d 479, 483).

District Courts have been advised to "consider a wide range of alternative possible sanctions for violations of the rule." *Id*. at 194. And this Court "is reluctant to impose severe sanctions upon a *pro se* Plaintiff." *Levine v. New Jersey State Dept. of Comm. Affairs,* F. Supp.2d, 2006 WL 1933697 at *3 (D.N.J. July 11, 2006), *aff'd,* 231 Fed. Appx. 125 (3d Cir. 2007), *cert. denied*, 552 U.S. 1189 (2008). *Compare Ramirez IV*, 2011 WL 3203720 *and Levine*, 2006 WL 1933697 at *3 (imposing a "non-monetary directive" as "sufficient" sanctions against a *pro se* non-attorney litigant responsible for "persistent non-meritorious filings") *with Kersey v. Becton*,

No. 08-2155, 2010 WL 1838558 at *6 (D.N.J. May 06, 2010) (imposing monetary sanctions on a *pro se* attorney litigant who was "obviously aware of the baseless nature of his claims" and "took no actions in this suit aside from filing the complaint and serving initial disclosures under Rule 26 that fail to even identify the" claim) *and Haddad v. Flynn*, F. Supp.2d, 2008 WL 4224921 at *1 (D.N.J. September 09, 2008) (imposing monetary sanctions on a *pro se* attorney litigant who filed numerous frivolous actions, engaged in behavior that "'was in violation of all [legal] ethical restrictions,'" and did not "cease filing motions" after having been so ordered.).

Here, Plaintiff is a *pro se* non-attorney, who made some effort to identify purportedly meritorious claims and has not yet inundated the courts with numerous frivolous actions. A careful examination of the record reveals that responsibility for Plaintiff's failure to disclose, prior to the Rule 104 hearing, additional witnesses and additional incidents of racial harassment that occurred in 2004 may lie with counsel rather than Plaintiff. Counsel for Plaintiff may not have informed his client regarding the possibility of amending the list of witnesses to the case prior to the end of discovery:

> "Q. Why didn't you identify [the remembered incidents] to the Magistrate Judge when we were getting ready for trial in the pre-trial order where we had to list all of our witnesses?
> 
> A. I wasn't told that I could – any type of interrogatory.
> 
> Q. I'm talking about when we got together with the Magistrate Judge to get ready for this trial, and we put together a list of witnesses, why isn't Mr. Volpe's name in that list, so that UPS could at least know that there was some witness coming to trial that we hadn't been told about before?
> 
> A. I wasn't aware that a witness could be added.
> 
> Q. When is the first time that you had any discussions with anybody about when a witness could be added in this case?
> 
> A. Never." (Def.'s Br., Gonzales Certif., Ex. 4, at 91:3-15).

The Court has already sanctioned Plaintiff by barring the admission of the undisclosed evidence at

trial. (Def.'s Br., Gonzales Certif., Ex. 5, at 33:1-34:13). The Court has noted:

> "I've been on the bench for 25 years. I've been practicing in Federal Court for 40 years. I have never seen a case with such a lengthy and egregious pattern of non-disclosure and changing positions. There's a clear prejudice here to the defense trying to anticipate these issues, as we saw before." (*Id.* at 31:15-20).

Errors of this magnitude can be the product of counsel and sanctioning the client for these violations would not create a necessary deterrent.

Defendant also alleges that Plaintiff's motion for reconsideration and a new trial was untimely, frivolous, and violated multiple Court Rules on content and length. Mindful of Plaintiff's current *pro se* status, the Court construed the motion with exceptional latitude and determined that it presented no grounds for reconsideration or a new trial (even if the Court were to consider the motion timely). Plaintiff did not present new evidence, a change in law, or clear error in the court's prior decisions. *See generally Ramirez IV*, 2011 WL 3203720. The motion, however, does not call for harsh sanctions because, as this Court has previously held, it is "essentially the same motion . . . is essentially identical to" the one submitted by Plaintiff's counsel before his representation was terminated on April 14, 2011.[3] *Ramirez IV*, No. 06-1042, 2011 WL 3203720 at 6*.

Harsh sanctions would be both unnecessary and ineffective. Counsel purportedly failed to educate his client about the legal process and the status of the case. Indeed, he does not yet appear

---

[3] The Court noted that "the new motion, though submitted by Ramirez, includes references to Plaintiff in the third person. The new brief appears to the Court to be a modified version of the original filed by counsel." *Ramirez IV*, No. 06-1042, 2011 WL 3203720 at *4.

11

to have transferred the case file to Plaintiff.[4]  Furthermore, the Court has allowed Plaintiff to submit the motion for reconsideration even though it clearly violates multiple Court Rules:

> The Court notes that, while Plaintiff's 61-page brief exceeds the page limitations set by Local Civil rule 7.2, the brief does not appear to cover new ground that the previous motion did not address. Considering Plaintiff's *pro se* status and the procedural posture of this case, the Court will allow Plaintiff's over-length motion brief and overrule Defendant's request to strike the motion.

(Doc. No. 130). For this Court to now impose sanctions without having first admonished the *pro se* Plaintiff about the risks incurred in this type of litigation would be unduly harsh and unnecessary to deter future frivolous motions. Non-monetary sanctions will be sufficient in deterring any further violations of the Court's orders.

The circumstances of this case do not require recourse to the Court's inherent powers. Nor are Rule 16 sanctions suitable in a case where the Court has already resolved all of the claims. Because the facts do not support Defendant's claim that Plaintiff submitted a sham affidavit, Rule 56(h) sanctions are also unwarranted. Plaintiff's conduct only warrants the imposition of Rule 11 non-monetary sanctions. Monetary sanctions are inappropriate and the public filing of this document is a sufficient sanction against the Plaintiff. The Plaintiff is strongly admonished not to file further frivolous motions. Failure to do so may indeed result in monetary sanctions. The Court has decided not to impose monetary sanctions today in the expectation that no further deterrent is necessary.

---

[4] The Plaintiff claims that he only "recently obtained partial discovery from my former attorney and gathered funds necessary to obtain the trial record. I am still attempting to obtain the rest of the discovery from prior counsel in preparation for appeals." (Pl.'s Br. at 1).

### III.     CONCLUSION

For the forgoing reasons, the Court will grant in part and deny in part Defendant's motion for sanctions. (Doc. No. 133). An appropriate form of Order accompanies this Memorandum Opinion.

Dated: October 19, 2011

___s/ Garrett E. Brown, Jr.___
GARRETT E. BROWN, JR., U.S.D.J.
